JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Emmanouel Hatzigeorgiou[1], appeals the order of the trial court, which granted a motion to correct the record filed by appellee, Arrow Uniform Rental, LP ("Arrow"). For the reasons set forth below, we find this appeal moot and dismiss.
 {¶ 2} On August 23, 2005, Arrow filed a civil complaint in the Parma Municipal Court against "Emmanuel Hapcigeogiou, aka Mike Hapcigeogiou, dba New Mom's Restaurant."[2] The complaint stemmed from an alleged breach of contract, which Arrow claimed the parties had entered into on July 16, 2003. Arrow further claimed *Page 3 
that it provided services to appellant until the contract was breached in July 2004 and asserted that appellant owed $6,216.97 in unpaid bills and liquidated damages.
 {¶ 3} The record indicates that service of summons was perfected upon "Emmanuel aka Mike Hapcigeogiou" on August 24, 2005 via certified mail and was signed for by appellant. An answer to the complaint was due to be filed by September 21, 2005. No answer was filed, and Arrow filed for default judgment on October 24, 2005. The next day, the trial court granted the motion and entered a default judgment against appellant for the prayed for $6,216.97 at five percent interest from July 29, 2004.
 {¶ 4} When Arrow initiated action to execute on the default judgment, it was discovered that appellant's name was incorrectly spelled in both the original complaint and the subsequent default judgment. On May 8, 2006, Arrow filed a motion to correct the record, pursuant to Civ.R. 60(A), and sought corrections to the record of judgment to show a judgment against "Emmanouel Hatzigeorgiou" [appellant's correctly spelled name] rather than "Emmanuel aka Mike Hapcigeogiou." On May 10, 2006, the trial court granted Arrow's motion to correct.
 {¶ 5} On June 12, 2006, appellant filed a motion to vacate judgment pursuant to Civ.R. 60(B) asking the trial court to vacate the judgment on the grounds that it was obtained through fraud. In addition, on June 13, 2006, appellant filed an appeal in this court, appealing the trial court's granting of the motion to correct the record. He asserted two assignments of error: *Page 4 
 {¶ 6} "I. The court erred and denied Emmanouel Hatzigeorgiou due process by ruling on and granting Arrow's `Motion to Correct' prior to expiration of the response time provided by Parma Municipal Court Local Rule 8(C).
 {¶ 7} "II. The trial court erred and exceeded its authority by making substantive changes to its original judgment, without a hearing, based upon contested facts presented for the first time seven months after the judgment was rendered."
 {¶ 8} After review of the record, this court sua sponte remanded this case to the Parma Municipal Court on February 2, 2007[3] for the limited purpose of ruling on appellant's pending Civ.R. 60(B) motion to vacate. On April 11, 2007, the case was returned to our court with the following additional docket entries:
 {¶ 9} (1) Journal Entry dated March 15, 2007: "The court hereby grants the defendant's motion to vacate. This court's default judgment entry of October 25, 2005, and this court's judgment of May 8, 2006 are hereby vacated. The defendant shall have 28 days in which to file an answer."
 {¶ 10} Voluntary Dismissal Without Prejudice filed March 30, 2007: "The plaintiff, Arrow Uniform Rental, LP, pursuant to Ohio Civ. Rule 41(A), voluntarily dismisses this action, without prejudice." *Page 5 
 {¶ 11} Journal Entry dated April 3, 2007: "Dismissed without prejudice at Plaintiff's cost."
 {¶ 12} In view of the dismissal of this action in Parma Municipal Court, this appeal is moot.
Appeal dismissed.
It is ordered that appellant and appellee bear their own costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
JAMES J. SWEENEY, J., and SEAN C. GALLAGHER, J., CONCUR
[1] Although the original complaint was filed against "Emmanuel, aka Mike Hapcigeogiou, dba New Mom's Restaurant" the correct spelling of defendant-appellant's name is "Emmanouel Hatzigeorgiou," and he uses the nickname of "Mike." He is referred to herein as "appellant."
[2] The original complaint also named as a defendant "Spiro G. Plataniotis, aka George Plataniotis, dba New Mom's Restaurant;" however, there is no judgment against this named defendant in the record, and he is not a party to this appeal.
[3] See Motion No. 393139. *Page 1